IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| CARL STANLEY FLEMING, | ) **ORDER DISMISSING DEFENDANTS** |
| | ) **AND SERVING REMAINING** |
| Plaintiff, | ) **DEFENDANTS** |
| | ) |
| v. | ) Case No. 2:09-CV-1038 DAK |
| | ) |
| STEVE TURLEY et al., | ) District Judge Dale Kimball |
| | ) |
| Defendants. | ) |

---

Plaintiff/inmate, Carl Stanley Fleming, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2010), proceeding *in forma pauperis*, *see* 28 *id.* 1915.  The Court now screens his complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See id.* §§ 1915-1915A.

**ANALYSIS**

**1. Claim**

Plaintiff names as defendants Wardens Turley and Clark, Captain Coulter, Officers Johnson, Kennedy, McConnell, and James, Caseworker George, Grievance Officers Tom Anderson and Billie Casper, contract attorney Mike Otto, Property Officer Anna Carlson, and John Does.  He alleges unconstitutional confiscation of his legal materials, excessive force, retaliation for his grievances, denial of his grievances, and denial of legal access.

## 2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing claims "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 3. Respondeat Superior

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  Because Plaintiff has done nothing to affirmatively link Defendants Turley or Clark to these incidents, but has instead identified them merely as supervisors, Plaintiff's claims against Turley and Clark may not survive this screening.  Turley and Clark are thus dismissed as defendants.

### 4. Defendants Denying Grievances

"[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at

4

*11 (10th Cir. Nov. 24, 2009). Under this law, Defendants Tom Anderson and Billie Casper, along with the claim regarding denial of grievances, are dismissed.

### 5. John Does

John Does are inappropriate defendants and are thus dismissed. Plaintiff must either specifically name or describe with particularity each defendant and link each defendant to violation of his constitutional rights.

### ORDER FOR SERVICE OF PROCESS ON REMAINING DEFENDANTS

Based on review of the Complaint, the Court concludes that official service of process is warranted on the remaining defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon the following Utah Department of Corrections (UDOC) defendants:

**Captain Mel Coulter**
**Officer Darwin Johnson**
**Officer Troy Kennedy**
**Officer Randell McConnell**
**Officer Clayton James**
**Caseworker George**
**Contract Attorney Mike Otto**
**Property Officer Anna Carlson**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a

5

grievance process, Defendants must,

    (i) file an answer, within twenty days of service;

    (ii) within sixty days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1];

    (iii) within sixty days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**

    (iv) within sixty days of filing an answer, submit a proposed order for dismissing the case based upon Plaintiff's failure to exhaust, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(B) If Defendants choose to challenge the bare allegations of the complaint, Defendants shall, within twenty days of

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

service, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), and submit a proposed order for dismissing the case, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the complaint, Defendants must,

    (i) file an answer, within twenty days of service;

    (ii) within sixty days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint;

    (iii) within sixty days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**

    (iv) within sixty days of filing an answer, submit a proposed order for dismissing the case based upon the summary judgment motion, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants Turley, Clark, Anderson, Casper, and John Does, and the claim about denied grievances, are **DISMISSED**.

(2) The USMS shall serve a completed summons, a copy of the Complaint and a copy of this Order upon the above-listed **remaining** defendants.

(3) Within twenty days of service, Defendants must file an answer or motion to dismiss and proposed order, as stated above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report **with** a summary judgment motion and proposed order, Defendants must do so within sixty days of filing their answer(s).

(5) If served with a *Martinez* report and a summary judgment motion or motion to dismiss, Plaintiff may file a response within thirty days.

(6) Summary-judgment motion deadline is sixty days from filing of answer.

DATED this 22nd day of March, 2010.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court